■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNY GRONACHAN, Also Known as DONNY GRONAGAN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered April 25, 1989, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant stood trial and was found guilty by a jury of selling approximately one half of a gram of cocaine to an undercover police officer in the Town of Catskill on February 22, 1987. When the jury announced its verdict defendant attempted to bolt from the courtroom and had to be restrained. In addition, after the verdict County Court received a letter from a friend of defendant's family requesting leniency for defendant which raised concerns relating to defen-

dant's possible mental deficiency. At this juncture defendant's parents retained counsel to request that defendant be examined pursuant to CPL 730.30 to determine his competency. This application was supported by an affidavit of the attorney retained by defendant's parents, a report from Daniel De Sole, a psychiatrist, and a copy of the letter from the family friend.

In the psychiatric report, De Sole stated that he found certain "intellectual deficits" present but was impressed with defendant's very extended memory. When questioned about his present criminal charge, defendant denied having sold cocaine to the officer, presented an alibi and then offered to take a lie detector test. De Sole also questioned defendant concerning an allegation that he had sexually molested a three-year-old girl in 1987 and was impressed with defendant's cogent explanation of the social situation which had prompted the apparently false accusation. In spite of the foregoing observations, De Sole concluded that defendant "is a mentally retarded individual who, to a significant degree, lacks the capacity to understand the proceedings against him. * * * Further, his mental retardation is such and to the degree that I question his ability to assist in his own defense in a viable manner."

County Court denied the application for a CPL 730.30 evaluation, discounting De Sole's conclusions as "sheer speculation" and contrary to the report of a mental evaluation of defendant by the Greene County Mental Health Center conducted pursuant to CPL 390.30 (2), which had found no evidence of significant psychiatric impairment. The County Judge further stated that he had observed defendant throughout the trial and found no indication whatsoever that defendant was unable to consult with his counsel or comprehend the proceedings. Defendant was thereafter sentenced to an indeterminate term of 3 to 9 years' imprisonment. This appeal by defendant ensued.

Defendant's main point on appeal is that County Court erroneously denied the request for an examination to determine his competency. However, in our view, County Court's determination was a proper exercise of discretion and should not be disturbed (see, People v Russell, 74 NY2d 901; People v Rios, 126 AD2d 860, 861-862; People v Bancroft, 110 AD2d 773, 774). The court's decision demonstrates that it considered all relevant factors, such as defendant's history, his present demeanor and the available medical reports. Defendant argues that De Sole's report was itself sufficient to require an examination pursuant to CPL 730.30. We disagree. Not only was

De Sole's finding of incompetency contradicted by another evaluation but, more importantly, his opinion was not supported by his own description of defendant's awareness and abilities set forth in the report. Where, as here, a medical opinion of incompetency is stated as a bald conclusion and appears to be inconsistent with the doctor's own detailed observations of defendant, the medical opinion may be considered insufficient to warrant an examination.

We also find defendant's argument that his sentence is harsh and excessive to be unavailing.

Judgment affirmed. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.