(April 22, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WRIGHT, Appellant. [596 NYS2d 896] —Mikoll, J. P. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 13, 1989, upon a verdict convicting defendant of the crimes of sodomy in the first degree (three counts), rape in the first degree and assault in the second degree.

Defendant was arrested on May 18, 1988 at 1:15 A.M. when State Troopers Kevin Costello and William Nuzzo, while on patrol, came upon a Ford Pinto automobile stopped in the eastbound lane of Haviland Road in the Town of Lloyd, Ulster County. The officers stopped to investigate and heard screams coming from a nearby wooded area. Nuzzo encountered defendant running out of the woods, zipping his pants. Moans and whimpering sounds were heard and a woman came crawling out of the woods followed by her weeping four-year-old daughter. The woman was partially dressed, without pants and shoes, disheveled, with twigs and dirt in her hair, her face, knees and arms bruised. She said defendant had raped her. Defendant was arrested and subsequently convicted.

Defendant contests his conviction on a number of grounds. He alleges error on County Court's part in permitting him to proceed *pro se,* in failing to grant him a continuance to subpoena the physician who examined the victim and whose written report was admitted in evidence, in admitting photographs of the victim taken shortly after the alleged rape and by denial of defendant's request for a missing witness charge.

Defendant was initially represented by the Public Defender. Following a *Huntley* hearing, defendant refused to have the Public Defender represent him any further. The basis of defendant's contention that he was improperly permitted to proceed *pro se* is based on County Court's denial of a further adjournment of the proceedings for defendant to secure his own counsel. The court, having granted him a number of adjournments beginning with his July 8, 1988 arraignment until the November 22, 1988 *Huntley* hearing, refused to adjourn the matter further for purposes of allowing defendant to secure counsel of his own choice. At this point defendant refused to have the Public Defender continue to represent him and insisted on proceeding *pro se.*

We find that County Court conducted a thorough and searching inquiry to insure that defendant understood the perils of proceeding *pro se* and finally consented to defendant's persistent demand to represent himself. The record indicates that defendant's decision was knowing and voluntary, that defendant had competent assigned counsel who advised against it and who was available throughout the trial to offer assistance, and that the court forcefully informed defendant that he had neither training nor knowledge to defend himself and that if he persisted he would be held to the same standards of procedure as counsel. Under these circumstances, it was not error to permit defendant to represent himself *(see, People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178; *People v London,* 124 AD2d 254, 257, *lv denied* 68 NY2d 1001).

We also find no error in County Court's denial of an adjournment for purposes of summoning the physician who examined the victim following the rape. A trial court has broad discretion in determining whether to grant a request for adjournment *(People v Singleton,* 41 NY2d 402). Defendant knew the witness's name for four months before the trial and had ample time to subpoena the witness. Defendant made no effort to secure the witness's presence at trial. There was no showing that the witness could be secured by the adjourned date and, finally, the witness's testimony would be cumulative to his report which was already in the record on stipulation of the parties *(see, People v Daniels,* 128 AD2d 632, *lv denied* 70 NY2d 645).

Defendant's contention that the photographs of the victim were inflammatory and cumulative of testimony from various other witnesses as to the victim's injuries and that they were admitted to arouse the jury's emotions and to prejudice defendant is without merit. The photos tended to prove the attack

on the victim. They were relevant to support the disputed issue of whether physical injury was caused to her and relevant to the issue of whether the acts involved were consensual. The photographs were thus properly admitted (see, People v Shaw, 124 AD2d 686, lv denied 69 NY2d 750).

Finally, there was no error in the denial of defendant's missing witness charge based on the People's failure to call the physician who examined the victim. The physician's report and a transcription of his handwritten notes were introduced into evidence pursuant to stipulation of the parties. We have previously noted that his testimony would have been cumulative. No absent witness charge was required (see, People v Gonzalez, 68 NY2d 424, 430-431).

Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.