■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK MAYS, Appellant. [602 NYS2d 120] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered August 17, 1990, convicting defendant, after a nonjury trial, of robbery in the first degree and grand larceny in the fourth degree, and sentencing him to concurrent terms of 4 to 12 years and 1 to 3 years, respectively, unanimously affirmed.

None of the claims raised by defendant on appeal were preserved by timely or appropriate objection at trial, and we decline to review them in the interest of justice. If we were to review, we would find that the Trial Judge's participation in the examination of the witnesses was appropriate (see, People v Yut Wai Tom, 53 NY2d 44, 56-57), and that any risk of prejudice was, in any event, attenuated if not nonexistent since there was no jury (see, People v Gilbert, 103 AD2d 967, 968).

We would also find that there was no improper bolstering of the complaining witness' identification testimony (see, CPL 60.30), and that any error in the admission of the photograph used to aid in the identification of defendant prior to his apprehension was harmless. Finally, we would find that defense counsel vigorously pursued the only theories available, misidentification and alibi, cross-examining the police witness at the suppression hearing concerning possible defects in police identification procedures and the complaining witness at trial concerning possible bias or impairment, and that defendant has failed to demonstrate that there was no reasonable explanation for counsel's decisions or that counsel's representation, on its face, lacked strategic value (People v

*Glover,* 181 AD2d 630, *lv denied* 79 NY2d 1049). Concur—Rosenberger, J. P., Ross, Asch and Rubin, JJ.