(June 16, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL H. WARD, Appellant. [613 NYS2d 490] —Yesawich Jr., J. Appeal from a judgment of the County Court of Schenectady County (Reilly, Jr., J.), rendered December 23, 1991, upon a verdict convicting defendant of the crimes of robbery in the first degree and assault in the first degree (two counts).

The only point that needs to be considered on this appeal is whether County Court erred in permitting defendant to proceed *pro se* at the trial of these serious offenses, for which, after conviction, he received three concurrent indeterminate prison sentences of 25 years to life. Defendant contends that the court did not inquire sufficiently to determine whether he fully understood the dangers of conducting his own defense and whether his waiver of the right to counsel was the product of duress. We find these contentions baseless.

A criminal defendant's right to conduct his or her own defense is guaranteed by both the Federal and New York Constitutions *(see, Faretta v California,* 422 US 806, 819-820; NY Const, art I, § 6) and, with limited exceptions, may be exercised by any defendant who makes an unequivocal and timely request to do so *(see, People v McIntyre,* 36 NY2d 10, 17). Because a necessary consequence of asserting this right is a relinquishment of the right to counsel, a trial court faced with such a request must conduct a thorough inquiry to determine if the defendant's decision has been made voluntarily and with full knowledge of the possible dangers and disadvantages of proceeding *pro se (see, supra; see also, Faretta v California, supra,* at 835); once the defendant has been appropriately warned, however, and the trial court is satisfied that the defendant fully understands the risks attendant in waiving the right to counsel, but nonetheless elects to do so, the request must be honored *(see, People v Vivenzio,* 62 NY2d 775, 776; *People v Schoolfield,* 196 AD2d 111).

Here, County Court informed defendant of the dangers inherent in conducting his own defense and repeatedly advised against it. County Court also explained that defendant would not be permitted to "testify" in the guise of examining witnesses, that he would be held to the same standards of conduct and procedure as an attorney, and that he would not be allowed to change his mind once the trial had begun. Additionally, the court inquired of, and received satisfactory responses with respect to, defendant's education, his reasons for desiring to proceed *pro se,* his previous experience with the legal system, whether he had received psychiatric treatment in the past and the degree to which his medical problems might interfere with his ability to represent himself. Viewing County Court's colloquy with defendant as a whole, it is apparent that, after being fully informed of the dangers associated with representing himself, defendant knowingly and intelligently chose to do so *(see, People v Greany,* 185 AD2d 376, 378, *lv denied* 80 NY2d 1027). It is also worth noting that, before deciding to proceed *pro se,* defendant discussed the wisdom of doing so with his counsel, who was allowed by County Court to remain available to advise defendant throughout the trial *(see, supra; People v Simmons,* 182 AD2d 1018, 1019).

As for defendant's argument that the poor medical care he was receiving at the County Jail, which compelled him to seek an early trial (so that he might receive proper medical attention, either upon release or, in the event of a conviction, in

the State prison system), and therefore rendered a continuance unacceptable, coupled with the fact that his attorney was given insufficient time to prepare for trial, "forced" him to proceed *pro se,* the allegations upon which it is based are simply not borne out by the record.

The remaining issues raised by defendant were either unpreserved for review or lacking in merit.

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.