■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY V. BURTON, Appellant. [623 NYS2d 347] —Casey, J. Appeal from a judgment of the County Court of Sullivan County (Kane, J.), rendered November 19, 1992, upon a verdict convicting defendant of the crimes of murder in the second degree (seven counts), rape in the first degree, burglary in the first degree (four counts), robbery in the first degree (four counts), grand larceny in the third degree, criminal possession of stolen property in the fifth degree and criminal possession of a weapon in the fourth degree (two counts).

Defendant's convictions arose out of the deaths of an elderly couple, whose badly beaten bodies were discovered in a bungalow they had rented in a bungalow colony in the Village of Monticello, Sullivan County. One of the victims had also been raped. Items of the victims' personal property, including several pieces of jewelry, were missing from the bungalow. An intensive police investigation ultimately focused on defendant, who worked at a hotel in the area, and he was indicted on a

number of charges, including several counts each of murder, burglary, robbery and criminal possession of a weapon, as well as single counts of rape, grand larceny and criminal possession of stolen property. After a jury trial, defendant was convicted on all charges, except for the two counts of intentional murder, and he was sentenced to terms of imprisonment which total 75 years to life.

Defendant first contends that the evidence is legally insufficient to support the verdict and that the verdict is against the weight of the evidence. Defendant's argument focuses on the issue of his identity as the perpetrator of the crimes. According to defendant, the various pieces of evidence on this issue, which are purely circumstantial, fail to exclude to a moral certainty every reasonable hypothesis of innocence. Based upon our review of the record, we conclude that the evidence is legally sufficient and the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490).

The phrase "to a moral certainty" contained in the oft-stated rule applicable in circumstantial evidence cases does not impose upon the People a greater burden of proof than the traditional "beyond a reasonable doubt" formulation, but "merely draws attention to the rigorous function which must be undertaken by the finder of fact when presented with a case of purely circumstantial evidence" *(People v Barnes,* 50 NY2d 375, 380). In this case, the finder of fact has undertaken the necessary rigorous function and we are called upon to exercise our appellate review powers. The standard for appellate review of the legal sufficiency of a wholly circumstantial evidence case requires us to view the evidence adduced at trial in the light most favorable to the prosecution, giving it the benefit of every reasonable inference to be drawn therefrom, and to determine whether the jury reasonably concluded that defendant's guilt was proven to a moral certainty *(see, People v Betancourt,* 68 NY2d 707, 709-710).

Regardless of the strength of each individual piece of evidence, we agree with the People that considered together the evidence and the reasonable inferences to be drawn therefrom lead to the conclusion that defendant's guilt was proven to a moral certainty. There is evidence from which the jury could reasonably conclude that the perpetrator drove a motorcycle, was light skinned, wore Nike sneakers which were partly red and had a black leather jacket. Defendant fit this description. Defendant's blood type was compatible with that of the perpetrator. DNA testing included defendant as a possible perpetrator of the rape. Defendant's fingerprint was found on a drawer

of a dresser in the bedroom where the murders occurred. Defendant sold several pieces of the victims' jewelry within a month after the murders. The evidence is legally sufficient to support the jury's verdict, which is not against the weight of the evidence (see, People v Giomundo, 209 AD2d 953; see also, People v Sparacino, 150 AD2d 814, lv denied 74 NY2d 747).

We reject defendant's contention that County Court's charge was erroneous. In substance, the charge adequately informed the jury as to the burden of proof in a circumstantial evidence case, which is all that is required (see, People v Gonzalez, 54 NY2d 729, 730; see also, People v Sanchez, 61 NY2d 1022, 1024). The court's instructions that the People were not required to prove a motive for the crimes, but that the presence or absence of a motive may be considered as bearing on the issue of reasonable doubt, were adequate (see, People v Briggs, 71 AD2d 685, 686; see also, People v Rios, 60 NY2d 764, 766). The court was not required to charge that lack of evidence of a motive must or should be considered (see, People v Man Lee Lo, 118 AD2d 225, 231, 234).

Defendant's claim of error in the denial of his request for a new assigned counsel is also lacking in merit. It was incumbent upon defendant to show "good cause" for the desired substitution, for an indigent's constitutional right to assistance of counsel is not to be equated with a right to choice of assigned counsel (People v Sawyer, 57 NY2d 12, 18-19, cert denied 459 US 1178). Contrary to defendant's argument, the record reveals that County Court gave serious consideration to defendant's request and conducted an appropriate inquiry into defendant's complaints about assigned counsel's representation. The inquiry revealed that those complaints were unfounded and, therefore, County Court properly denied defendant's request (see, People v Lashway, 187 AD2d 747, 749, lv denied 81 NY2d 842; People v Jimenez, 179 AD2d 840, lv denied 79 NY2d 949). As a result of the denial of his request for a new assigned counsel, defendant sought to represent himself. The record reveals the requisite colloquy between the court and defendant concerning the dangers and disadvantages of giving up the fundamental right to counsel and establishes that defendant made a knowing and intelligent decision to proceed pro se. Upon granting the motion, County Court also appointed former assigned counsel, who had been providing competent representation, as standby counsel to assist defendant if necessary. In these circumstances, the court did not err in permitting defendant to represent himself

*(see, People v Wright,* 192 AD2d 875, *lv denied* 82 NY2d 809; *cf., People v Sawyer, supra,* at 21).

The record supports County Court's ruling on defendant's objection based upon *Batson v Kentucky* (476 US 79). County Court's denial of defendant's suppression motion based upon its acceptance of the testimony of the People's witnesses that defendant had been fully informed of his *Miranda* rights involves a credibility determination which we see no reason to disturb *(see, People v Gutkaiss,* 206 AD2d 628, *lv denied* 84 NY2d 936). We also conclude that the prosecutor's remarks during summation did not deprive defendant of a fair trial *(see, People v Halm,* 180 AD2d 841, *affd* 81 NY2d 819).

We agree with defendant, however, that the sentences imposed upon the robbery convictions must run concurrently with those imposed on the depraved mind murder convictions. As charged in the indictment, acts which constitute a material element of the depraved mind murder of each victim, i.e., use of a hammer, are also material elements of the robbery charges as to each victim *(see, People v Derhi,* 110 AD2d 709).

Cardona, P. J., Mikoll, Mercure and Peters, JJ., concur. Ordered that the judgment is modified, on the law, so as to provide that the sentences imposed upon the convictions of the crimes charged in counts 15 and 17 of the indictment run concurrently with the sentence imposed upon the conviction of the crime charged in count 3, and that the sentence imposed upon the convictions of the crimes charged in counts 16 and 18 run concurrently with the sentence imposed upon the conviction of the crime charged in count 4, and, as so modified, affirmed.