(September 14, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERARD B. REILLY, Appellant. [631 NYS2d 203] —Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 7, 1993, upon a verdict convicting defendant of the crimes of burglary in the second degree (two counts) and grand larceny in the third degree.

Following a series of burglaries in the City of Binghamton, Broome County, in 1992, defendant was arrested and charged with two counts of burglary in the second degree and one count of grand larceny in the third degree. Shortly after his arraignment, defendant was hospitalized for approximately three weeks and diagnosed as suffering from a manic depressive disorder. Lithium was prescribed for his illness. On January 11, 1993, defendant appeared in court to be heard on his application to appear *pro se*. County Court expressed concerns about defendant's mental status but ultimately granted defendant's request and appointed stand-by counsel.

Defendant thereafter participated fully in the proceedings until, at one point in his trial where he was conducting an ex-

amination of one of his own witnesses, he attempted to have the witness identify him as Jesus Christ. County Court directed the jury to leave the courtroom, revoked defendant's right to proceed *pro se* and ultimately ordered a CPL article 730 examination of defendant. Defendant was found competent to stand trial and was ultimately convicted of all counts. Defendant now appeals.

There must be an affirmance. We reject defendant's principal contention that County Court erred in permitting him to represent himself at trial without first ordering a competency exam as requested by defense counsel during defendant's initial application to appear *pro se*. The record reveals no abuse of discretion by County Court in denying this request (*see, People v Gronachan*, 162 AD2d 852, 853). Instead, the record indicates that the court fully considered defendant's medical situation and undertook a thorough examination of him to determine if the request was made voluntarily and with full knowledge of the possible perils and disadvantages of proceeding *pro se* (*see, People v Ward*, 205 AD2d 876, 877, *lv denied* 84 NY2d 873). Significantly, "[a] criminal defendant's right to conduct his or her own defense is guaranteed by both the Federal and New York Constitutions" (*People v Ward, supra*, at 877; *see, Faretta v California*, 422 US 806, 819-820; *see also*, NY Const, art I, § 6). Since we find that defendant was appropriately warned and all factors were appropriately considered, we find no reason to conclude that County Court erred in honoring defendant's request (*see, People v Ward, supra; People v Caccamise*, 198 AD2d 537, 538-539, *lv denied* 83 NY2d 803).

Finally, we have examined defendant's claim that the imposed sentence of concurrent terms of imprisonment of 4 to 8 years for the burglary convictions and 2 to 4 years for the grand larceny conviction was harsh and excessive, and find it to be without merit.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.