■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW J. HIMKO, Appellant. [657 NYS2d 127] —Cardona, P. J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered November 4, 1994, upon a verdict convicting defendant of the crimes of murder in the second degree and attempted murder in the second degree.

After stabbing two victims, resulting in one victim's death, defendant was charged in a four-count indictment with two counts of murder in the second degree, one count of attempted murder in the second degree and one count of assault in the first degree, arising from incidents taking place in the City of Binghamton, Broome County. Following a jury trial, defendant was found guilty of depraved indifference murder and attempted murder in the second degree. Sentenced to consecutive indeterminate terms of incarceration of 20 years to life for the conviction of murder in the second degree and 5 to 15 years for the conviction of attempted murder in the second degree, defendant appeals. We affirm.

Initially, we reject defendant's contention that County Court was required to inform defendant of his right to proceed *pro se*. Mindful that "[a] criminal defendant's right to conduct his or her own defense is guaranteed by both the Federal and New York Constitutions" (*People v Ward*, 205 AD2d 876, 877, *lv*

denied 84 NY2d 873; *see, Faretta v California*, 422 US 806, 819-820; *see also*, NY Const, art I, § 6), that right "may be exercised by any defendant who makes an unequivocal and timely request to do so" (*People v Ward, supra*, at 877; *see, People v McIntyre*, 36 NY2d 10, 17). Although defendant complained to the court regarding the inadequacy of his assigned counsel and requested a substitution, nothing in those complaints suggested that defendant wished to conduct his own defense. To the extent that defendant equates the right to proceed *pro se* with the right to counsel, we note only that the right to self-representation "lacks the force and urgency of the right to counsel and there is no necessity to inform every defendant of his right to conduct his own defense" (*People v McIntyre, supra*, at 17). Accordingly, County Court was under no obligation, constitutional or otherwise, to inform defendant of his right to proceed *pro se* (*see, id.*, at 17; *People v Burton*, 106 AD2d 652, 653).

Defendant next contends that County Court erred in ruling on the People's *Ventimiglia* (*see, People v Ventimiglia*, 52 NY2d 350) request without first holding a hearing and, further, that because there was no hearing, he was denied the right to be present at this stage of the trial. At the close of the *Huntley* hearing, County Court requested the People to outline, in writing, its *Ventimiglia* requests. Honoring this suggestion, the People submitted its offer of proof, together with Grand Jury testimony of two prosecution witnesses. Significantly, the People stated, at the end of their application, "It is anticipated that if the defense has objection to this evidence that an appearance will be scheduled in Court for oral argument or that counsel will be given an opportunity to elaborate further on this issue if the Court deems it necessary."

Defendant, however, never objected to this procedure or requested a formal hearing. We therefore consider the issue unpreserved for our review (*see, People v LaDolce*, 196 AD2d 49, 57). In any event, while defendant correctly notes that a right to be present at a *Ventimiglia* hearing exists when one is held (*see, People v Spotford*, 85 NY2d 593), there is no requirement that a hearing be held in the first instance. Although a hearing is preferred, an offer of proof detailing the evidence to be produced is an acceptable practice (*see, People v Ventimiglia, supra*, at 362). This procedure is especially appropriate here, where "the parties were aware of the content of the witnesses' testimony by reason of their prior sworn testimony before the Grand Jury" (*People v Berger*, 188 AD2d 1073, 1074, *lv denied* 81 NY2d 881).

Finally, we find no abuse of discretion or extraordinary circumstances warranting a reduction in defendant's sentence (*see, People v Mackey*, 136 AD2d 780, *lv denied* 71 NY2d 899).

Mikoll, Mercure, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.