■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH I. McINTYRE, Appellant. [673 NYS2d 252] —Peters, J. Appeal from a judgment of the County Court of Rensselaer

County (McGrath, J.), entered January 10, 1997, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

Defendant was indicted on three counts of sexual abuse in the first degree and three counts of endangering the welfare of a child. Following a trial at which defendant proceeded *pro se*, he was convicted of one count of sexual abuse in the first degree and sentenced as a second felony offender to a prison term of 3½ to 7 years. Defendant now appeals, contending that it was error for County Court to permit him to represent himself at trial. We disagree.

Both the Federal and State Constitutions guarantee criminal defendants the right to conduct their own defense (*see, People v Reilly*, 219 AD2d 756, 757, *lv denied* 88 NY2d 883; *People v Ward*, 205 AD2d 876, 877, *lv denied* 84 NY2d 873). Where a trial court conducts a thorough colloquy which demonstrates that a defendant's decision has been made voluntarily and with full knowledge of the possible dangers and disadvantages of proceeding *pro se*, the defendant's request to proceed *pro se* must not be denied (*see, People v Ward, supra*, at 877).

Here, County Court reminded defendant of his three prior applications to proceed *pro se* during the course of this criminal proceeding and his subsequent decision not to be represented by counsel. Thereafter, County Court again informed defendant of the disadvantages and perils of representing himself at trial and explained that he would be held to the same standards and procedures as a defendant with counsel. Despite County Court's admonitions, defendant unequivocally stated that he wanted to proceed *pro se*. Upon granting defendant's request, County Court appointed standby counsel to be available throughout the trial as a legal advisor to assist defendant if necessary.

The colloquy conducted by County Court indicates that defendant knowingly and intelligently sought to proceed *pro se* at trial (*see, People v Burton*, 213 AD2d 732, 734, *lv denied* 85 NY2d 970; *People v Wright*, 192 AD2d 875, 876, *lv denied* 82 NY2d 809). The fact that he did not possess the requisite legal knowledge to proceed through a trial does not constitute sufficient ground for denying defendant's request to represent himself (*see, People v Davis*, 49 NY2d 114, 120). Notably, the record indicates that defendant had previously represented himself in another criminal matter. Furthermore, we find no indication in the record that a psychological examination was warranted (*see, People v Benson*, 174 AD2d 898, *lv denied* 78 NY2d 1009) or that he was forced to go to trial unprepared.

Inasmuch as the record demonstrates that defendant voluntarily and intelligently undertook to represent himself at trial, we find no abuse of discretion in County Court granting defendant's request to proceed *pro se* (*see, People v Burton, supra,* at 734-735; *People v Wright, supra,* at 876).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.