■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WILLIAMS, Appellant. [681 NYS2d 150] —Graffeo, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered November 25, 1996, upon a verdict convicting defendant of the crimes of sexual abuse in the first degree and sodomy in the first degree.

Sometime after midnight on May 3, 1996, the victim walked to her boyfriend's apartment in the Village of Johnson City, Broome County. After discovering that her boyfriend was not home, the victim encountered defendant, whom she had never met but recognized based on a description provided by her boyfriend, who was defendant's neighbor. The victim agreed to accompany defendant to his apartment for the purpose of discussing the activities of her boyfriend. Upon entering the apartment, defendant bolted the door and wedged a piece of wood between the door and the wall to prevent the door from opening. They eventually went into defendant's bedroom to watch television after smoking marihuana. Defendant, who was confined to a wheelchair, climbed into his hospital bed and asked the victim to plug the bed's electrical cord into an outlet. As the victim leaned over, defendant allegedly knocked her to the floor, threatened her and indicated that he had a gun. The victim claimed defendant thereafter removed her pants and stockings and sexually assaulted her. Breaking loose, the victim departed and immediately walked to a police station to report the incident.

Defendant was arrested and indicted on one count of sodomy in the first degree and one count of sexual abuse in the first degree. After hearing complaints by defendant with respect to the representation he was receiving and the racial composition of the Grand Jury and the trial jury, County Court determined that defendant was adequately represented and that the composition of the Grand Jury and trial jury did not violate defendant's rights. Based on its *Sandoval* rulings, County Court permitted the prosecution to question defendant at trial with respect to two prior felony convictions but disallowed in-

quiry into the underlying facts of the second conviction. The prosecution was further allowed to pose questions regarding defendant's violation of two orders of protection. At the conclusion of trial, the jury returned a guilty verdict on both counts and defendant was sentenced as a second felony offender to concurrent determinate prison terms of 15 years for sodomy in the first degree and five years for sexual abuse in the first degree. Defendant appeals.

Initially, we reject defendant's contention that County Court erred in failing to inform him that he had a right to proceed *pro se*. Although a defendant is guaranteed the right to conduct his or her own defense (*see, Faretta v California,* 422 US 806; *People v Ward,* 205 AD2d 876, *lv denied* 84 NY2d 873), a court is not compelled to inform every defendant of this right (*see, People v Himko,* 239 AD2d 661, *lv denied* 90 NY2d 906). While defendant raised concerns with respect to the representation he was receiving, the record contains no indication that defendant requested or desired to conduct his own defense, and therefore County Court committed no error in not advising defendant of his right to proceed *pro se* (*see, id.*).

Defendant's assertion that County Court's *Sandoval* ruling was erroneous is also unavailing. It is well settled that the relevant determination in regard to *Sandoval* rulings is whether the testimony would have a disproportionate and improper impact on the trier of fact (*see, People v Sandoval,* 34 NY2d 371; *People v Young,* 249 AD2d 576). The decision whether to allow disclosure of prior criminal, vicious or immoral acts for the purpose of impeachment and credibility must be balanced against the potential prejudice to defendant (*see, People v Tirado,* 192 AD2d 755, *lv denied* 81 NY2d 1073). County Court properly found that defendant's two prior felony convictions and two violations of orders of protection manifested a willingness and disposition to place the advancement of his self-interest ahead of the interests of society and was highly probative with regard to the issue of credibility (*see, People v Quesnel,* 238 AD2d 725, *lv denied* 90 NY2d 896), notwithstanding the fact that these matters involved threatening and violent behavior (*see, People v Bell,* 249 AD2d 777; *People v Ayala,* 236 AD2d 802, *lv denied* 90 NY2d 855). County Court properly balanced the potential prejudicial impact of the evidence with its probative value and took an appropriate measure to lessen any prejudicial impact by the use of a precautionary instruction.

Defendant next claims that his constitutional rights were violated because the Grand Jury and trial jury did not represent a fair cross-section of the community in which defendant

was tried. A challenge made with respect to the composition of a jury must be made in writing setting forth the facts supporting the challenge (*see*, CPL 270.10 [2]). Although this formality may be waived where the parties have had advance notice and no prejudice results (*see*, *People v Parks*, 41 NY2d 36), a defendant must establish that a substantial and identifiable segment of the community was not included in the jury pool based on a systematic exclusion of that group (*see*, *People v Guzman*, 60 NY2d 403, *cert denied* 466 US 951). Here, the record is devoid of any substantiation that the alleged underrepresentation was caused by intentional discrimination or that the jurors had been systematically excluded from the jury pool. Therefore, we find no merit in this challenge.

Lastly, defendant's assertion that his conviction was against the weight of the evidence is unfounded based upon our review of the entire record. During trial, the victim testified that defendant sexually assaulted her after threatening her with physical violence, forcing her onto the floor, striking her in the mouth and ripping off her pants and stockings. A neighbor of defendant testified that she heard someone yelling, "I want to get out of here. I want out." The incident was immediately reported to the police and a Johnson City police detective testified that the victim's clothes were disheveled and she appeared upset shortly after the incident. A search of defendant's apartment yielded the victim's earring, a pack of cigarettes and a tube of gel allegedly used in the commission of the crime. In view of the foregoing and according deference to the jury in resolving credibility issues (*see*, *People v Gilmore*, 252 AD2d 742; *People v Meiner*, 248 AD2d 806; *People v Van Steenburg*, 221 AD2d 799, *lv denied* 87 NY2d 978), we determine that the guilty verdict was not against the weight of the evidence (*see*, *People v Ayala*, *supra*).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is affirmed.