■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITUS McRAE, Appellant. [728 NYS2d 516] —Spain, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered November 5, 1999, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree (three counts) and petit larceny (three counts).

Following a jury trial, defendant was convicted of three counts of criminal possession of a forged instrument in the second degree and three counts of petit larceny, based on his 1999 attempts to negotiate checks drawn on the bank account of his employer without authorization. County Court sentenced defendant as a second felony offender to three consecutive prison terms of $3^{1}/_{2}$ to 7 years on the felony counts and three one-year prison terms on the petit larceny counts, to be served concurrently with each other and with the consecutive terms. Defendant appeals, arguing that he was denied his constitutional right to represent himself, that his statement to police should have been suppressed and that his sentence is harsh and excessive.

We disagree. Turning first to defendant's constitutional claim, we note that for a criminal defendant to exercise the constitutional right to conduct his or her own defense, there must be (1) a timely and unequivocal request to appear *pro se*, (2) a knowing and intelligent waiver of the right to counsel, and (3) no conduct on the defendant's part that would interfere with a fair and orderly trial (*see, People v McIntyre*, 36 NY2d 10, 17; *People v Ward*, 205 AD2d 876, 877, *lv denied* 84 NY2d 873). Here, because we find that defendant never made an unequivocal request to defend himself, we conclude that County Court did not err in directing that he proceed to trial with assigned counsel.

Several days after the Public Defender was assigned to provide defendant with legal counsel, defendant stated on the record, "I asked to be reassigned new counsel, I asked to represent myself, again, they would not do it." County Court then informed defendant of his right to defend himself, but also advised him that to do so would be counter to his best interests. Defendant stated "all right" and admittedly withdrew his

request to represent himself at that point (*see*, *People v Hayden*, 250 AD2d 937, 938, *lv denied* 92 NY2d 982, *cert denied* 526 US 1028).

Defendant next brought up the issue of self-representation 2½ months later—immediately prior to jury selection—stating, "I have every intention of trying this case by myself." At that point, County Court again discussed the consequences of such a decision with defendant and permitted a recess to allow defendant to consider whether to request self-representation. When the hearing resumed, the court asked defendant, "Have you had sufficient time to reflect on your decision to represent yourself?" Defendant answered, "No." The court then directed the proceedings to continue and stated that defendant's application was denied as untimely. Although the court arguably mischaracterized the request as "untimely" at that point, inasmuch as the trial had not yet begun (*see*, *People v McIntyre*, *supra*, at 17), the court nonetheless acted appropriately in directing defendant to proceed with counsel because defendant never made an *unequivocal* request to represent himself prior to trial. Defendant's negative response to the court's inquiry could reasonably be construed to mean that he remained undecided on the matter and, defendant having had ample time to consider his options over the 2½ months prior to trial, the court was justified in moving ahead with jury selection. Notably, defendant then proceeded to trial with counsel and never again asserted any desire to represent himself. On these facts, we conclude that defendant, having failed to unequivocally request to represent himself, was not deprived of his constitutional right to do so (*see*, *People v Fernandez*, 263 AD2d 673, 675, *lv denied* 94 NY2d 822; *People v Hayden*, *supra*, at 938).

Next, we reject defendant's argument that his prearrest admission that he had cashed two checks that he had taken from his employer's home should have been suppressed because County Court improperly interfered in the proceedings at the *Huntley* hearing. After defendant and the police officer who had taken defendant's statement testified at the hearing, both sides rested and the court noted that a factual dispute remained regarding the circumstances under which defendant had arrived at the police station on the day that he made the statement. In response to the court's evident concern over this matter and its reminder to the People that they shouldered the burden of proof, the People called the uniformed police officer who took defendant to the station to corroborate the detective's testimony that defendant had voluntarily gone to the police station where he was given the *Miranda* warnings.

Defendant asserts that County Court's actions in essentially requesting further proof from the People violated his due process rights. The authority cited by defendant for this proposition, however, consists of instances where a trial court interfered with the presentation of proof during a criminal jury trial, potentially influencing the jury by suggesting the court's own opinion regarding the credibility of the evidence (*see, People v Yut Wai Tom*, 53 NY2d 44; *People v Moulton*, 43 NY2d 944, 945; *People v De Jesus*, 42 NY2d 519). By contrast, at a suppression hearing the court is the fact finder and there is no risk of prejudicing the jury (*see, People v Gilbert*, 103 AD2d 967, 968; *see also, People v Acosta*, 241 AD2d 385, 386, *lv denied* 92 NY2d 846; *People v Mays*, 197 AD2d 361). Furthermore, upon our review of the record, we do not find that the court's request for further proof so interfered with the proceeding that it created a tactical advantage for the prosecution (*see, People v Tucker*, 140 AD2d 887, 891, *lv denied* 72 NY2d 913; *cf., People v Yut Wai Tom*, *supra*, at 57-58).

Finally, we acknowledge the severity of defendant's sentence considering the relatively small amount of money involved and the nonviolent nature of the crimes. However, in light of defendant's failure to accept responsibility or express remorse despite the overwhelming proof of his guilt, his extensive 13-year criminal record—including four separate felonies, some of which involved violent conduct—his propensity for committing crimes while on parole or probation and his avoidance, to this point, of any substantial term of imprisonment, we cannot say that it was an abuse of discretion for County Court to sentence defendant as it did or that there are extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (*see, People v Mickens*, 275 AD2d 818, 819; *People v Nardi*, 232 AD2d 673, 674, *lv denied* 89 NY2d 927). However, the cumulative sentence imposed of 10½ to 21 years must be reduced to 10 to 20 years (*see,* Penal Law § 70.30 [1] [e] [i]).

We have considered and rejected defendant's remaining contentions.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's aggregate prison sentence from a term of 10½ to 21 years to a term of 10 to 20 years, and, as so modified, affirmed.