■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SANDERS, Appellant. [743 NYS2d 618] —Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 13, 2000, upon a verdict convicting defendant of the crime of rape in the first degree.

At trial, the People's proof that defendant engaged in sexual intercourse with a nine-year-old girl included his statements to police, DNA evidence, the victim's sworn testimony, and an expert witness's description of the physical indicators of penetration revealed upon examination of the victim. Representing himself, defendant was ultimately convicted of rape in the first degree and sentenced as a second violent felony offender to a determinate prison term of 25 years. He now appeals.

Initially, defendant contends that the failure of police to readminister *Miranda* warnings after a break in his questioning made his subsequent statements involuntary. However, statements made up to three hours after *Miranda* warnings have been held to be admissible, despite a complete break in questioning, where, as here, the suspect is continuously in custody (*see, e.g., People v Vasquez*, 183 AD2d 864; *People v Glinsman*, 107 AD2d 710, 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021). Since the interrogating officers' testimony indicates that defendant's statements were made no more than 2½ hours after *Miranda* warnings were administered, and there is no proof that defendant exercised his right to remain silent or that the officers used tactics that overbore his will, County Court properly denied his suppression motion.

We also find that County Court properly permitted defendant to represent himself. To exercise one's constitutional right to self-representation in a criminal trial (*see, Faretta v California*, 422 US 806), "there must be (1) a timely and unequivocal request to appear *pro se*, (2) a knowing and intelligent waiver of the right to counsel, and (3) no conduct on the defendant's part that would interfere with a fair and orderly trial" (*People*

*v McRae*, 284 AD2d 657, 657, *lv denied* 96 NY2d 921; *see, People v Smith*, 68 NY2d 737, 738, *cert denied* 479 US 953; *People v McIntyre*, 36 NY2d 10, 17; *People v Ward*, 205 AD2d 876, 877, *lv denied* 84 NY2d 873). "To pass muster, a 'searching inquiry' [by the trial court] must reflect record evidence that defendants know what they are doing and that choices are exercised ' "with eyes open" ' " (*People v Smith*, 92 NY2d 516, 520, quoting *Faretta v California, supra* at 835, quoting *Adams v United States ex rel. McCann*, 317 US 269, 279). County Court here extensively questioned defendant, probing his knowledge of the charge against him as well as the possible defenses and potential pitfalls of self-representation. Despite the court's advice against proceeding without counsel, defendant persisted in his request. Since the record supports County Court's determination that defendant's desire to proceed without counsel, though ill-advised, was thoughtfully considered, we find no error in the grant of his request.

Nor is defendant's sentence as a second violent felony offender barred by the holding in *Apprendi v New Jersey* (530 US 466). The ruling in *Apprendi* specifically permits a sentence enhancement based on a predicate offense, without first requiring notice, trial or proof beyond a reasonable doubt, where the enhanced sentence does not exceed the maximum penalty permitted by statute (*see, id.* at 490; *People v Rosen*, 96 NY2d 329, 334, *cert denied* 534 US 899; *People v Harris [Dahu] [D.]*, 288 AD2d 610, 619, *lvs granted* 97 NY2d 703, 705). Here, the maximum sentence for defendant's conviction is 25 years in prison (*see,* Penal Law § 70.04 [3] [a]; § 130.35 [3]). As that was the sentence imposed by County Court, we find no merit in defendant's claim that his sentence was improperly enhanced due to a prior conviction.

Defendant's remaining contentions have been considered and found to be equally unavailing.

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed.