THIRD DEPARTMENT, MARCH, 2006

(March 2, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WILLIAMS, Appellant. [811 NYS2d 150]—

Mugglin, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered April 9, 2001, upon a verdict convicting defendant of two counts of the crime of promoting prison contraband in the first degree.

Following a jury trial, defendant was convicted of two counts of promoting prison contraband in the first degree and attempted escape in the first degree. Thereafter, County Court partially granted defendant's motion to set aside the verdict pursuant to CPL 330.30 by setting aside the guilty verdict on the attempted escape in the first degree count. Defendant was sentenced as a second felony offender to two concurrent prison terms of $2^{1}/_{2}$ to 5 years, consecutive to the sentence he is currently serving. Defendant's appellate counsel argues that defendant was improperly denied his constitutional right to represent himself and that the prosecution is barred by principles of double jeopardy. Defendant, pro se, raises additional claims of error.

The right to represent oneself in a criminal proceeding is recognized in the NY Constitution and by statute (*see* NY Const, art I, § 6; CPL 210.15 [5]). To properly invoke the right, it must appear that (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) defendant has not engaged in conduct which would disrupt the trial (*see People v McIntyre*, 36 NY2d 10, 17 [1974]; *People v McRae*, 284 AD2d 657, 657 [2001], *lv denied* 96 NY2d 921 [2001]; *People v Marshall*, 249 AD2d 785, 786 [1998], *lv denied* 92 NY2d 927 [1998]). In response to defendant's unequivocal request, County Court conducted a searching inquiry into defendant's ability to proceed pro se (*see People v Arroyo*, 98 NY2d 101, 103 [2002]; *People v McIntyre*, 250 AD2d 1002, 1003 [1998], *lv denied* 92 NY2d 881 [1998]; *People v Burton*, 213 AD2d 732, 734 [1995], *lv denied* 85 NY2d 970 [1995]). While investigating defendant's knowledge of the specifics of the charges against him, his educational background and previous exposure to the criminal justice system, County Court learned that defendant had represented himself on several occasions, including the criminal case for which he was then incarcerated. Additionally, County Court thoroughly explored defendant's past and present mental health against the background of defendant's present declaration that he was mentally capable of representing himself.

Although defendant's assigned public defender had reserva-

tions concerning defendant's competency and had been unable to investigate appropriately a potential mental defect or disease defense, the psychiatric reports then before County Court found defendant competent to proceed to trial and the colloquy between defendant and the court casts no doubt on these findings. Moreover, a request to proceed pro se interposed before the commencement of the actual trial is deemed timely as a matter of law (*see People v McIntyre*, 36 NY2d 10, 17 [1974], *supra*). In view of the foregoing and because the issue is not subject to harmless error analysis (*see People v LaValle*, 3 NY3d 88, 106 [2004]), we conclude that County Court erred in denying defendant's request to proceed pro se on grounds of unresolved issues of defendant's competency and because the request was untimely. County Court's inquiry of defendant firmly established his knowledge of the rights he would be relinquishing, his knowing and intelligent waiver of his right to counsel and his ability to comprehend fundamental legal principles. Moreover, the record reflects that defendant engaged in no disruptive conduct to that point.

Defendant's double jeopardy claim is based upon punishment inflicted by the Department of Correctional Services following a tier III administrative disciplinary hearing based upon the same conduct that supports the present criminal charges. Defendant's fundamental premise is that the administrative punishment—consisting of 10 years in the special housing unit, 10 years' loss of commissary privileges, loss of phone privileges and the ability to receive packages, a restrictive diet for 28 days, full restraints and a loss of one year of good time—is so harsh and extreme as to constitute punishment for purposes of double jeopardy protection. It is well established that a criminal prosecution of an individual who has been subject to administrative punishment for the same conduct does not violate the principles of double jeopardy (*see People v Heath*, 24 AD3d 876, 878 [2005]; *see also People v Vasquez*, 89 NY2d 521, 532-533 [1997], *cert denied sub nom. Cordero v Lalor*, 522 US 846 [1997]; *People v Reed*, 244 AD2d 782, 783 [1997], *lv denied* 91 NY2d 896 [1998]). Although the administrative punishment imposed upon defendant may be fairly characterized as severe, it is commensurate with defendant's breach of prison rules and regulations and, in view of his prior prison disciplinary record, not so harsh and extreme as to require the application of double jeopardy to bar a subsequent criminal prosecution.

As a final matter, we have carefully considered defendant's pro se arguments that County Court should have charged the defense of justification, that there was preindictment delay and

that the court should have granted a trial discontinuance due to illness and find each to be without merit.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Chemung County for a new trial.