■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY McEACHIN, Appellant. [815 NYS2d 332]—

---

Spain, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered February 7, 2005, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

At defendant's arraignment on an indictment charging him, as a persistent felony offender, with promoting prison contraband in the first degree, defendant expressed his desire to represent himself. Following an inquiry, County Court permitted defendant to proceed pro se. Defendant subsequently pleaded guilty to the lesser offense of attempted promoting prison contraband in the first degree and waived his right to appeal the sentence imposed, but preserved his right to appeal all other issues. As agreed, defendant was sentenced to a prison term of 1½ to 3 years, running consecutive to the sentence he is currently serving. Defendant now appeals.

Defendant contends that County Court failed to make a sufficiently searching inquiry into his request to represent himself. We disagree. The record as a whole demonstrates that defendant's waiver of the right to counsel was knowing, voluntary and intelligent (*see People v Providence*, 2 NY3d 579, 582-584 [2004]). County Court inquired into defendant's level of education and previous trial experience and explained various responsibilities that defendant would face in undertaking his own representation (*see People v Arroyo*, 98 NY2d 101, 103-104 [2002]; *People v Williams*, 27 AD3d 770, 771 [2006]; *People v Whitted*, 16 AD3d 905, 907-908 [2005], *lv denied* 4 NY3d 892 [2005]). Furthermore, the court repeatedly confirmed defendant's continued desire to represent himself and warned him of the dangers of self-representation and the importance of counsel (*see People v Providence, supra* at 582-584; *People v Arroyo, supra* at 103-104; *People v Sanders*, 295 AD2d 639, 640 [2002], *lv denied* 98 NY2d 771 [2002]).

Turning to defendant's pro se arguments regarding the preclusionary effect of his successful administrative appeal of the determination that he violated certain prison disciplinary rules based upon the same underlying conduct as the instant criminal proceeding, we note that the record fails to disclose the

grounds upon which the determination was based. Additionally, the courts of this state have consistently held that neither double jeopardy nor collateral estoppel applies to preclude criminal prosecution for acts which were previously the subject of a noncriminal proceeding (*see People v Heath*, 24 AD3d 876, 877-878 [2005], *lv denied* 6 NY3d 813 [2006]; *see also People v Fagan*, 66 NY2d 815 [1985]).

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.