■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER PERRY, Appellant. [17 NYS3d 392]—

Judgment, Supreme Court, New York County (Roger S. Hayes, J.), rendered December 1, 2011, convicting defendant, after a nonjury trial, of grand larceny in the second degree, and sentencing him to a term of two to six years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the court's finding that defendant stole the funds at issue and its rejection of defendant's explanations.

Defendant did not preserve his claims that the court's questioning of witnesses was excessive and shifted the burden of proof. We do not find any mode-of-proceedings error exempt from preservation requirements (*see People v Thomas*, 50 NY2d 467, 472 [1980]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find that the questioning was permissible (*see People v Yut Wai Tom*, 53 NY2d 44, 56-57 [1981]), and that the risk of prejudice was minimal or nonexistent because there was no jury to be improperly influenced (*see People v Mays*, 197 AD2d 361 [1st Dept 1993]). The questions had no burden-shifting effect, and, in any event, a trial judge is presumably aware of the burden of proof in a criminal case.

The testimony of the District Attorney's financial investigator, who was called to testify as a fact witness regarding her review of the relevant bank records, did not constitute improper opinion testimony. The challenged testimony did not express an opinion, but merely stated what the witness observed in reviewing the documents, and defendant's argument to the contrary misreads the trial record.

We have considered the arguments raised by defendant in his pro se brief and find them to be without merit. Concur— Mazzarelli, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.