People v Sanders (2024 NY Slip Op 03517)

People v Sanders

2024 NY Slip Op 03517

Decided on June 27, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 27, 2024

535225
[*1]The People of the State of New York, Respondent,
v
Charles Sanders, Appellant.

Calendar Date:May 31, 2024

Before:Egan Jr., J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Michael Connolly of counsel), for respondent.

Mackey, J.
Appeal from an order of the County Court of Albany County (Andra Ackerman, J.), entered September 9, 2021, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2000, defendant was convicted upon a verdict of rape in the second degree for engaging in sexual intercourse with a nine-year-old girl and sentenced, as a second violent felony offender, to a prison term of 25 years followed by five years of postrelease supervision (295 AD2d 639 [2002], lv denied 98 NY2d 771 [2002]). Prior to his release, the Board of Examiners of Sex Offenders submitted a risk assessment instrument to County Court pursuant to the Sex Offender Registration Act (see Correction Law art 6-C) with a score of 130 points, presumptively classifying defendant as a risk level three sex offender with no departure recommended. The People submitted their own risk assessment instrument which also presumptively classified defendant as a risk level three sex offender but, unlike the Board, assessed 15 points under risk factor 1 for physical injury, which resulted in a total score of 145 points. Following a hearing at which defendant challenged the assessment of points under risk factors 1 and 7 (relationship with victim - stranger), County Court found that the People had established by clear and convincing evidence the assessment of 145 points, classified defendant as a risk level three sex offender and denied his request for a downward departure. Defendant appeals.
We are unpersuaded that County Court erred in assessing 15 points under risk factor 1 for physical injury. The presentence investigation report set forth that a review of the hospital records revealed that the nine-year-old victim had "significant" internal injuries as a result of the sexual assault, noting "labia abrasions, a red and viable cervix (bled to the touch) and a torn hymen." In addition, the impact statement to the police from the victim's father stated that the victim endured actual physical injuries. Notwithstanding defendant's contention to the contrary, this information establishes by the requisite clear and convincing evidence the appropriate assessment of 15 points under risk factor 1 for physical injury (see People v Gonzalez, 129 AD3d 806, 806 [2d Dept 2015], lv denied 26 NY3d 904 [2015]; People v Fisher, 22 AD3d 358, 358 [1st Dept 2005]). As for the assessment of 20 points under risk factor 7 for a crime directed at a stranger, the case summary and presentence report reflect that, when interviewed by a probation officer, defendant admitted that he "did not know the victim" but that he and the victim were present at the same birthday party. Such admission constitutes clear and convincing evidence to support the assessment of points for defendant's stranger relationship with the victim (see People v Middlemiss, 153 AD3d 1096, 1097 [3d Dept 2017], lv denied 30 NY3d 906 [2017]; People v Gleason, 85 AD3d 1508, 1508 [3d Dept 2011], lv denied 17 NY3d 711[*2][2011]; People v Bateman, 59 AD3d 788, 790 [3d Dept 2009]). In any event, even if the points under the two foregoing risk factors were removed, the total assessed points would still place defendant at a presumptive risk level three sex offender.
Defendant also contends that County Court erred in denying his request for a downward departure. We disagree. "As the party seeking the downward departure, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Smith, 211 AD3d 1127, 1128 [3d Dept 2022] [internal quotation marks and citations omitted]; see People v Pulsifer, 210 AD3d 1210, 1212 [3d Dept 2022], lv denied 39 NY3d 908 [2023]). To the extent that defendant relied on his positive participation and response in sex offender treatment and the lack of disciplinary history while incarcerated, such factors were already taken into account in the risk assessment instrument (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]; People v Glowinski, 208 AD3d 1392, 1393-1394 [3d Dept 2022]). Further, defendant did not present sufficient evidence that his participation in a sex offender treatment program was "exceptional" in order for it to be a basis for a downward departure (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 17 [2006]; see People v Salerno, 224 AD3d 1016, 1017 [3d Dept 2024]; People v Glowinski, 208 AD3d at 1394). Although defendant offered additional purportedly mitigating factors to support his request for a downward departure, upon our review of the record, we are satisfied that County Court, in considering the totality of circumstances, did not abuse its discretion in determining that a downward departure was unwarranted and classifying defendant as a risk level three sex offender with a sexually violent offender designation (see People v Gillotti, 23 NY3d 841, 861 [2014]).
Egan Jr., J.P., Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.