■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS L. SURPRIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered June 18, 1985, convicting him of conspiracy in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to meet his burden of establishing the defense of entrapment by a preponderance of the evidence *(see,* Penal Law § 25.00 [2]). According to tape recordings of conversations between the defendant, a confidential informant and an undercover police officer, which were admitted into evidence, the defendant was clearly predisposed to commit this crime and the police merely afforded him the opportunity to do so *(see, People v Thompson,* 47 NY2d 940; *People v Calvano,* 30 NY2d 199). The defendant's guilt of conspiring to sell narcotics was established beyond a reasonable doubt since these tape recorded conversations indicate that he entered into an agreement to sell a controlled substance, and the evidence further established that he actively pursued consummation of this deal by driving to Queens to meet with his "connection" and by telephoning the undercover police officer to tell him that his "connection" had not arrived, in furtherance of the agreement *(see, People v Bauer,* 32 AD2d 463, *affd* 26 NY2d 915; *see also, People v Menache,* 98 AD2d 335).

The defendant's contention that his due process rights were violated because of police misconduct was not preserved for review, and, in any event, is without merit. The record is devoid of any credible evidence indicating that the police manufactured the crime which otherwise would not likely have occurred, or engaged in conduct repugnant to a sense of justice, that the defendant was initially reluctant and was subsequently overcome by repeated solicitations or the spectre of enormous gain, or that the police were not considering the proper law enforcement objectives, to wit, the prevention of crime and the protection of the public *(cf. People v Isaacson,* 44 NY2d 511).

Finally, the sentence imposed was not harsh or excessive. Thompson, J. P., Niehoff, Rubin and Eiber, JJ., concur.