■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD CHAPARRO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered July 7, 1986, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the evidence disproved the agency defense beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The testimony of the undercover officer established that there was no relationship between him and the defendant. The jury could reasonably conclude that the defendant was either the seller or the agent thereof. The defendant's conduct evinced sufficient indicia of "salesman-like behavior" *(see, People v Roche,* 45 NY2d 78, 85, *cert denied* 439 US 958) to establish that he was not acting on behalf of the undercover police buyer alone and had a personal interest in promoting the transaction *(see, People v Argibay,* 45 NY2d 45, 53-54, *rearg denied* 45 NY2d 839, *cert denied sub nom. Hahn-DiGuiseppe v New York,* 439 US 930).

The defendant further argues that the prosecutor's summation deprived him of a fair trial. Our review of the record reveals that the prosecutor's summation did not exceed the broad bounds of fair comment permissible in closing argument *(see, People v Galloway,* 54 NY2d 396, 399; *People v Allen,* 121 AD2d 453, *affd* 69 NY2d 915), and was, in part, in response to defense counsel's own summation arguments *(see, People v Ortiz,* 116 AD2d 531).

We have reviewed the defendant's remaining contentions and find them to be without merit. Niehoff, J. P., Weinstein, Eiber and Harwood, JJ., concur.