■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON WEDIDYA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered June 10, 1988, convicting him of criminal sale of a controlled substance in the second degree (two counts) and criminal possession of a controlled substance in the third degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the court improperly admitted evidence that he had committed uncharged crimes is without merit. A review of the record indicates that the evidence adduced at trial did not implicate the defendant in any crimes other than the ones with which he was charged.

Furthermore, the People proved beyond a reasonable doubt that the defendant did not serve merely as the agent for the informant who bought cocaine from him. The absence of any prior relationship between the defendant and the informant, the defendant's display of salesmanlike behavior, the defendant's independent desire to promote the transaction and the profit which the defendant derived from the sale were factors sufficient for the jury to reject the agency defense *(see, People v Chaparro,* 134 AD2d 443; *People v Vargas,* 135 AD2d 853).

Finally the defendant has failed to meet his burden of establishing the defense of entrapment by a preponderance of the evidence *(see,* Penal Law § 25.00 [2]). According to testimony adduced from the confidential informant at trial, the defendant was clearly predisposed to commit the crime and the informant merely afforded him the opportunity to do so *(see, People v Thompson,* 47 NY2d 940; *People v Surpris,* 125 AD2d 351). Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.