■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON BAILEY, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered July 10, 1989, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the seventh degree.

In November 1988, Joshua Simon made three narcotic sales to police officers in the City of Hudson, Columbia County; rather than be charged for these crimes, Simon agreed to act as a police informant. Pursuant to this agreement, Simon drove an undercover police officer, Bruce Johnson, a City of Albany detective working with the Hudson Police Department, to defendant's place of employment, the D & D Market, to buy crack cocaine. Defendant allegedly reluctantly left the store and approached the vehicle only after a third individual, who was also a passenger in the vehicle and uninvolved in the ensuing drug transaction, went into the building and spoke with him. Once assured by Simon that the detective was "okay", defendant reentered the store for a brief period, then returned to the car and gave three vials of crack to the occupants in exchange for $30.

Ten days later, to end confusion in the Hudson Police Department concerning whether Johnson had purchased the crack from defendant or defendant's employer, Johnson was

shown pictures of both individuals and asked to identify the person who had sold him the narcotics. Johnson immediately selected defendant, who he knew only as "Arthur", even though the picture identification card contained defendant's true name.

Defendant was subsequently indicted for criminal sale of a controlled substance in the third degree. At trial, defendant admitted that he transported the crack vials from the store to the car and defense counsel repeatedly conceded his client's guilt for this possession. Defendant successfully asserted an agency defense as evidenced by the fact that the jury found him innocent of the sale charge but guilty of possession of a controlled substance in the seventh degree. Thereafter, defendant was sentenced to one year in jail, a term which we note has already been served. Defendant advances four arguments on this appeal: (1) that the prosecutor's failure to timely disclose *Brady* material deprived him of a fair trial, (2) that County Court erred in denying his motion to suppress Johnson's in-court identification, (3) that the prosecutor's assertedly prejudicial and inflammatory remarks deprived him of a fair trial, and (4) that County Court improperly refused to charge the jury on the law of entrapment.

Superficially, defendant's first contention has merit. The prosecution waited until trial to disclose the basis for Simon's cooperation in the drug investigation despite specific requests by defense counsel for this information. The case of *Brady v Maryland* (373 US 83) requires disclosure of evidence of agreements which reflect upon the credibility of the prosecution's witnesses *(see, People v Novoa,* 70 NY2d 490, 496), such as the one entered into in this case between Simon and the police. A prosecutor's failure to meet a specific and relevant *Brady* request "is seldom, if ever, excusable" *(United States v Agurs,* 427 US 97, 106). Where, as here, however, defendant had a meaningful opportunity to cross-examine Simon regarding the latter's agreement with the police and defendant, admitted transferring the three crack vials for $30, refused County Court's offer of a continuance, and is unable, even now, to articulate any ensuing prejudice, we are not persuaded that he was deprived of a fair trial *(see, People v Cortijo,* 70 NY2d 868, 870; *People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093; *cf., People v Cwikla,* 46 NY2d 434, 442).

Defendant's remaining arguments are patently meritless. Contrary to defendant's contention, the prosecution need not have served notice of its intention to offer Johnson's in-court confirmatory identification *(see,* CPL 710.30 [1]) for defendant's

identity was not an issue *(see, People v Gissendanner,* 48 NY2d 543, 552). Not only did Simon, who had previously shared an apartment with defendant, independently identify him, but defendant acknowledged participating in the transaction. And the incontestable response to defendant's assertion that he should have been afforded a *Wade* hearing to initially determine whether Johnson's photo identification merely confirmed a previously established identification *(see, People v Rubio,* 118 AD2d 879, 880-881; *see generally, People v Morales,* 37 NY2d 262, 271) is that such a hearing was indeed held.

Nor did the prosecutor's allegedly prejudicial and inflammatory remarks deny defendant a fair trial for County Court generally offered prompt curative instructions *(see, People v Graham,* 161 AD2d 836, 838). Further, in view of defendant's admission of possession, the uncorrected prejudicial statements, if in fact any occurred, were harmless *(see, People v Crimmins,* 36 NY2d 230, 241).

Finally, County Court did not incorrectly refuse to instruct the jury on entrapment *(see,* Penal Law § 40.05) as defendant failed to establish this affirmative defense by a preponderance of the evidence *(see, People v Surpris,* 125 AD2d 351; *see also,* Penal Law § 25.00 [2]). Defendant maintains that his initial unwillingness to leave the market confirms that he was not predisposed to involve himself in a drug transaction and only did so to accommodate his friend, Simon. Johnson's offer to purchase the crack, however, does not rise to the level of inducement contemplated by the statute, but merely presented defendant with the opportunity to commit the offense if he was so inclined *(see,* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 40.05, at 131).

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.