■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES KNOWLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 10, 1989, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial because the People failed to disclose until trial that certain prosecution witnesses would testify under grants of immunity from the District Attorney's office. However, although a defendant must be made aware of the existence of such agreements between the prosecution and a witness in order to comply with the principles of *Brady v Maryland* (373 US 83) *(see, People v Novoa,* 70 NY2d 490, 496; *People v Cwikla,* 46 NY2d 434, 441), we find that here the defendant was made aware of those agreements in time to afford him a meaningful opportunity to utilize that information during the trial *(see, People v Cortijo,* 70 NY2d 868, 870; *People v Brown,* 67 NY2d 555, *cert denied* 479 US 1093; *cf., People v Bailey,* 162 AD2d 885). Thus, reversal is not warranted.

The defendant also attributes prejudicial error to certain of the prosecutor's remarks on summation. However, all but one of these contentions is unpreserved for appellate review. As to that one contention, under the circumstances of this case, the prosecutor's remark was harmless *(see, People v Wood,* 66 NY2d 374).

Finally, in light of the heinous nature of the crime and the defendant's extensive prior criminal record, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Kunzeman, Eiber and Miller, JJ., concur.