■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER MARKS, Appellant. [603 NYS2d 243] —White, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered August 14, 1991, upon a verdict

convicting defendant of the crime of criminal possession of stolen property in the fourth degree.

Defendant's first argument is that the indictment and the verdict are not supported by sufficient evidence of the value of the stolen jet ski which came into his possession in July 1987. At trial, the owner of the jet ski testified that he paid $2,500 for it when he purchased it in 1984. His testimony was supported by the bill of sale. Additional testimony was adduced from an expert who opined that the jet ski had a value of between $2,000 and $2,500 when it was in defendant's possession. In our view this testimony sufficiently established that the fair-market value of the jet ski exceeded $1,000 (see, People v Landfair, 191 AD2d 825, lv denied 81 NY2d 1015; People v Vaccarella, 177 AD2d 990, lv denied 79 NY2d 833). Defendant's conviction precludes his challenge to the sufficiency of the evidence before the Grand Jury (see, People v Bey, 179 AD2d 905, lv denied 79 NY2d 918; see also, CPL 210.30 [6]).

Defendant next argues that his right to confront witnesses and his right against self-incrimination were violated by the People's introduction into evidence of a tape-recorded conversation he made involving, among others, an individual who was deceased at the time of trial. For this tape to be admissible without violating defendant's right of confrontation, the declarant must be unavailable and the statement must bear some indicia of reliability sufficient to justify its admission in the absence of cross-examination (see, People v Sanders, 56 NY2d 51, 64). There is sufficient indicia of reliability here because the decedent's conversation was taped without his knowledge in the presence of his son, who corroborated his remarks at trial (see, People v Sanders, supra, at 65). Therefore, the admission of the tape did not offend defendant's 6th Amendment rights. Inasmuch as defendant voluntarily turned the tape over to the State Police, its admission did not contravene his right against self-incrimination because that right only applies to compelled testimony (see, Fisher v United States, 425 US 391, 409).

Defendant's last contention is that he was denied due process by the People's failure to comply with his specific request for information regarding the granting of immunity to a witness (see, Brady v Maryland, 373 US 83). This contention lacks merit because defendant was afforded a meaningful opportunity during the trial to utilize the information that a witness had been granted immunity, as he was made aware of

the grant the day after it was made which was two days before the witness testified *(see, People v Knowles,* 177 AD2d 597, *lv denied* 79 NY2d 859).

Yesawich Jr., J. P., Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.