■ The People of the State of New York, Respondent, v Jeffrey Howard, Appellant. [799 NYS2d 833]—

Crew III, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered March 12, 2004, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and the violation of unlawful possession of marihuana.

On March 19, 2004, Detective Dennis Guiry of the City of Albany Police Department was conducting a "rip operation" with a confidential informant. The informant paged defendant, who then unknowingly called an Albany Police Department cell phone. The informant answered and ordered $250 of crack cocaine to be delivered to her at the corner of Central and Lexington Avenues in Albany. When defendant arrived at that location in a vehicle driven by his girlfriend, he was arrested, and the police seized a film canister containing three pieces of crack cocaine from the seat where defendant had been riding. The police also seized a small bag of marihuana from defendant's person.

Defendant was indicted and charged with criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana. Following a jury trial, defendant was convicted of criminal sale and criminal possession of a controlled substance in the third degree and unlawful possession of marihuana for which he was sentenced as a second felony offender to, inter alia, 12½ to 25 years' imprisonment. Defendant now appeals.

Initially, defendant contends that County Court erred in denying his request for a *Mapp* hearing. We disagree, albeit for reasons somewhat different than those expressed by County Court. Defendant made an omnibus pretrial motion in which he sought dismissal of the indictment, a bill of particulars, discovery, *Brady* material and inspection of the grand jury minutes, as well as *Sandovol* and *Mapp* hearings. In opposition to defendant's motion, the People correctly asserted that, inasmuch as the requested *Mapp* hearing was unsupported by sworn factual allegations supporting the grounds for the motion, the motion should be summarily denied (*see* CPL 710.60 [3] [b]; *People v Mendoza*, 82 NY2d 415, 430 [1993]).

We likewise reject defendant's contention that he was denied

the effective assistance of counsel. Here, counsel made appropriate pretrial motions, made adequate opening and closing statements and effectively cross-examined witnesses inferentially raising the issues that would be expected in this type of case. In short, defense counsel's representation was adequate in any meaningful sense of that word (*compare People v Droz*, 39 NY2d 457, 463 [1976]). There is utterly no likelihood that the result here would have been different but for the few deficiencies defendant now claims to have been attorney error (*see People v Douglas*, 296 AD2d 656, 657-658 [2002], *lv denied* 99 NY2d 535 [2002]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed.