■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLBY A. THOMPSON, Appellant. [822 NYS2d 678]—Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered August 8, 2005, convicting defendant upon her plea of guilty of the crime of manslaughter in the first degree.

Defendant was indicted for murder in the second degree after she smothered her 95-year-old adoptive father with a pillow while he slept. A psychiatric examination indicated that defendant was suffering from a number of mental disorders at the time of the crime and, as a result, a plea agreement was reached allowing defendant to plead to a reduced charge of manslaughter in the first degree in satisfaction of the indictment. Although no specific sentence was promised as part of the plea agreement, the prosecution indicated that it would recommend a 15-year sentence to be followed by five years of postrelease supervision. At the time of her plea, defendant reserved her right to appeal the sentence to be imposed. County Court sentenced defendant to 12½ years in prison, to be followed by five years of postrelease supervision, and defendant now appeals.

Defendant argues that the sentence imposed is harsh and excessive. Based upon our review of the record, we disagree. County Court took into consideration defendant's difficult life, including her many emotional and psychological problems as detailed in the report of the examining psychiatrist, in fashioning an appropriate sentence. With these factors in mind, it imposed a sentence that was less than the prosecution's recommendation. Defendant's extreme emotional disturbance was a mitigating factor already considered by the court in allowing her to plead guilty to manslaughter, thereby reducing the period of incarceration she would face if she were convicted of murder (see People v Johnstone, 184 AD2d 929 [1992], lv denied 80 NY2d 905 [1992]). In sum, we find no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Irizarry, 289 AD2d 875 [2001]).

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.