(November 16, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON LOWE, Appellant. [824 NYS2d 462]—

Peters, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered September 17, 2004, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While an inmate at Elmira Correctional Facility in Chemung County, defendant was involved in a physical altercation with another inmate. As a result, he was charged with violating prison disciplinary rules prohibiting assault, fighting and weapon possession. Defendant pleaded guilty to the fighting charge but, following a tier III disciplinary hearing, was found not guilty of assault and possession of a weapon.

Based upon the same incident, defendant was subsequently indicted for promoting prison contraband in the first degree and attempted assault in the second degree. Defendant then moved to dismiss the indictment on the ground that it was barred by the doctrine of collateral estoppel. County Court denied the motion, finding that the People were not a party to the prior prison disciplinary hearing and, therefore, did not have the opportunity to litigate the underlying issues. Defendant thereafter pleaded guilty to attempted promoting prison contraband in the first degree and was sentenced in accordance with the negotiated plea agreement as a second felony offender to a prison term of 1½ to 3 years. Defendant now appeals and we affirm.

County Court properly denied defendant's motion to dismiss the indictment. Collateral estoppel does not prohibit criminal prosecution for conduct which was previously the subject of a noncriminal proceeding (see People v Fagan, 66 NY2d 815, 816 [1985]; People v McEachin, 29 AD3d 1221, 1223 [2006]; People v Heath, 24 AD3d 876, 877-878 [2005], lv denied 6 NY3d 813 [2006]). Moreover, as County Court noted, collateral estoppel could not apply in this instance as there was no identity of parties. The Department of Correctional Services, which prosecuted the prison disciplinary hearing, is not a representative of " '[t]he People' in the distinctive and customary usage of that term for prosecutorial purposes" (People v Kelly, 88 NY2d 248, 253 [1996]). Thus, the People cannot be said to have been a party to the disciplinary hearing and, consequently, were not afforded the opportunity to participate in the litigation of the issues.

Next, inasmuch as the record reveals neither an abuse of

discretion by County Court nor the existence of any extraordinary circumstances, we will not disturb defendant's lawful and agreed-upon sentence (*see People v Sieber*, 26 AD3d 535, 536 [2006], *lv denied* 6 NY3d 853 [2006]; *People v Baker*, 6 AD3d 751, 751 [2004]).

Cardona, P.J., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.