■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN LERARIO, Appellant. [830 NYS2d 858]— Crew III, J.P. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered June 17, 2002, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree and criminal possession of marihuana in the first degree, and (2) from a judgment and amended judgment of said court, rendered May 12, 2006 and June 21, 2006, which resentenced defendant.

In January 2002, defendant was indicted and charged with one count each of criminal sale of a controlled substance in the first and second degrees, one count each of criminal possession of a controlled substance in the first and second degrees, criminal possession of a controlled substance in the third degree (two counts), criminal possession of marihuana in the first degree, criminal possession of a weapon in the third degree (two counts) and criminal use of drug paraphernalia in the second degree (two counts). Pursuant to a negotiated plea agreement, defendant pleaded guilty to criminal possession of a controlled substance in the second degree and criminal possession of marihuana in the first degree in full satisfaction of the indictment and was sentenced to 8⅓ years to life in prison on his conviction of criminal possession of a controlled substance in the second degree and 3 to 9 years in prison for his conviction of criminal possession of marihuana in the first degree, said sentences to run concurrently. In July 2005, defendant moved to set aside or modify his sentence on his conviction for criminal possession of a controlled substance in the second degree pursuant to the provisions of the Drug Law Reform Act of 2005 (see L 2005, ch 643). Following a resentencing hearing, County Court vacated defendant's sentence and resentenced him to a determinate sentence of 8⅓ years in prison together with five years of postrelease supervision. Defendant now appeals from the original judgment of conviction, as well as the judgment and amended judgment resentencing him.

We affirm. While there is merit to defendant's claim that he did not effectively waive his right to appeal at the time of his

plea and sentencing in 2002, our review of the record reveals that defendant knowingly and intelligently waived such right at the time of resentencing. Nevertheless, were we to consider his argument that the abbreviated sentence imposed was harsh and excessive, we would reject such contention. Defendant's sentence of 3 to 9 years for his conviction of criminal possession of marihuana in the first degree and his resentence to a determinate prison term of $8^{1}/_{3}$ years for his conviction of criminal possession of a controlled substance in the second degree clearly were within the permissible statutory range, and we find no abuse of discretion or extraordinary circumstances warranting a reduction thereof (see *People v Thompson*, 33 AD3d 1131, 1131 [2006]).

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgments and amended judgment are affirmed.