(April 12, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GULTELA QASEM, Appellant. [835 NYS2d 465]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered February 28, 2006, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree, and (2) from a judgment of said court (Herrick, J.), rendered February 28, 2006, convicting defendant upon her plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant was charged with various crimes in two separate indictments. She pleaded guilty to criminal sale of a controlled substance in the fifth degree in satisfaction of the first indictment and criminal possession of a controlled substance in the fifth degree in satisfaction of the second indictment. Her

subsequent motion to withdraw her pleas was denied and she was thereafter sentenced as a second felony offender to concurrent prison terms of 3 to 6 years for the criminal sale conviction and 2 to 4 years for the criminal possession conviction. Defendant now appeals and we affirm.

Defendant maintains that, because of her history of mental health problems, County Court erred, first, in accepting her guilty pleas and, second, in denying her motion to withdraw the pleas. A review of the record confirms that County Court was aware of defendant's mental health condition and, as a result, engaged in a thorough colloquy during each allocution, ensuring that defendant understood the nature of the charges, her rights and the consequences of pleading guilty. Defendant, in turn, expressed her full comprehension, freely admitted the facts underlying the respective crimes and pleaded guilty thereto. Under these circumstances, we find that defendant's guilty pleas were knowing, intelligent and voluntary and, as such, County Court did not abuse its discretion in denying her motion to withdraw the pleas (*see People v Lawrence,* 34 AD3d 984, 984-985 [2006]; *People v Kagonyera,* 23 AD3d 840, 841 [2005]).

Defendant also contends that her sentences are harsh and excessive. Inasmuch as defendant's appeal waivers were invalid (*see People v Lopez,* 6 NY3d 248, 255-256 [2006]), her contention is properly before us. However, nothing in the record demonstrates an abuse of discretion on the part of County Court or the existence of extraordinary circumstances warranting a reduction of the sentences (*see People v Lowe,* 34 AD3d 979, 980-981 [2006]; *People v Thompson,* 33 AD3d 1131, 1131 [2006]).

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgments are affirmed.