■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE RUSSELL, Appellant. [838 NYS2d 710]—

Kane, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered August 24, 2005, upon a verdict convicting defendant of the crimes of grand larceny in the fourth degree (two counts) and petit larceny (two counts).

Defendant acknowledges that while he was at his children's school, he took a woman's bag from the hallway. He explained that an acquaintance named Shah asked him to retrieve the bag, which Shah's girlfriend had allegedly left at the school. The bag actually belonged to the school nurse and contained, among other things, her purse and several credit cards. Defendant also took the nurse's coat which was draped over the bag.

A grand jury indicted defendant on numerous larceny counts. Rather than submitting all the noninclusory concurrent counts, County Court submitted only two counts of grand larceny in the fourth degree and two counts of petit larceny to the jury. After the jury convicted defendant of all submitted counts, the court sentenced defendant and ordered him to pay $1,241.60 in restitution. Defendant appeals.

County Court did not err in denying defendant's motion to suppress his oral statement. At the *Huntley* hearing, defendant and a detective both testified that defendant voluntarily went to the police station and was advised of and waived his *Miranda* rights before signing a written statement. Defendant does not contest the admissibility of that statement in which he admitted taking the bag but stated his belief that it belonged to Shah's girlfriend. The detective testified that after being placed under arrest and taken to the booking area, defendant spontaneously stated that he threw the bag in the lost and found bin at a certain apartment complex. Defendant denies having made that statement. Because he denies making the statement, defendant does not attack it as involuntary, but rather argues that it is unbelievable and therefore inadmissible. While defendant points out reasons to question whether he made the oral statement, these problems do not render the detective's testimony about the statement incredible as a matter of law (*see People v Burns [Kidy]*, 281 AD2d 704, 705 [2001], *lv denied* 96 NY2d 826, 831

[2001]). The court was free to weigh the credibility of the two witnesses and chose to believe the detective's testimony, a determination to which we give great deference and we will not disturb (*see People v Burns [Kidy], supra* at 705).

The convictions are supported by legally sufficient evidence. Defendant only challenges the evidence on the element of intent. Larcenous intent (*see* Penal Law § 155.05 [1]) is rarely susceptible of proof by direct evidence, and must usually be inferred from the circumstances surrounding the defendant's actions (*see People v Miller*, 23 AD3d 699, 700-701 [2005], *lv denied* 6 NY3d 815 [2006]; *People v Sala*, 258 AD2d 182, 188-189 [1999], *affd* 95 NY2d 254 [2000]). Despite defendant's testimony that he took the bag believing that it belonged to Shah's girlfriend and that he was helping to return it to the owner, on a challenge to the legal sufficiency the trial court must view the evidence in a light most favorable to the prosecution (*see People v Santi*, 3 NY3d 234, 246 [2004]). In addition to other circumstances which call defendant's testimony into question, his oral statement indicated that he threw the bag in a lost and found bin and, when police initially questioned him shortly after the incident, defendant lied and disavowed any knowledge of the bag. Considering all of the circumstances, the evidence was legally sufficient to establish the element of intent (*see People v Miller, supra* at 701).

Defendant received the effective assistance of counsel. The only allegation that defendant raises in his effort to prove ineffective assistance is that counsel did not object when two credit cards were admitted into evidence. As the credit cards were relevant and admissible—considering the victim's unrefuted testimony that the credit cards were issued in her name and she last saw them in her purse which was in the bag that defendant admitted taking—and defendant does not identify any other bar to their admissibility, counsel reasonably chose not to object to their admission and this choice did not mar his meaningful representation.

County Court properly fixed the amount of restitution. At the restitution hearing, the People bore the burden of proving the victim's out-of-pocket expenses by a preponderance of the evidence (*see* Penal Law § 60.27 [2]; CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221 [2007]). The victim testified regarding her costs as a result of her bag being stolen, including the amount of cash and stamps in her bag, obtaining a new cell phone and car keys, replacing the exterior locks on her house, and the value of items which she did not replace, such as her sweater, coat, bag and purse. Documentation supported several

of these amounts. The court was permitted to, and appropriately did, order that defendant pay a portion of the restitution to the victim's insurance company as reimbursement for amounts it paid to the victim to cover losses due to defendant's larceny (see *People v Turco*, 130 AD2d 785, 788 [1987], *lv denied* 70 NY2d 755 [1987]; *cf. People v Hall-Wilson*, 69 NY2d 154, 157-158 [1987]; *see also* Penal Law § 60.27 [4] [b]). We disagree with defendant's argument that restitution should be limited to the value allowed by the insurance company, as there was no proof as to how that number was reached or that it accurately reflected the victim's out-of-pocket expenses.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.