■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHAREEM D. BROWN, Appellant. [846 NYS2d 752]—

Mugglin, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered November 3, 2004, upon a verdict convicting defendant of the crimes of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree.

Defendant entered a crowded nightclub in the City of Binghamton, Broome County, and confronted Floyd Ash, who was then in a relationship with defendant's former girlfriend. According to the prosecution, a fight ensued during which defendant drew a handgun and shot Ash in the upper leg and Daniel England, a bystander, in the abdomen. England later died from the wound. Following a jury trial of the indictment which, among other things, charged defendant with both intentional murder and depraved indifference murder, defendant was convicted of intentional murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree. County Court, thereafter, sentenced defendant as a second felony offender to concurrent prison terms of 23 years to life on the murder in the second degree conviction, 20 years, with five years of postrelease supervision, on the conviction for attempted murder in the second degree, and 10 years, with five years of postrelease supervision, on the conviction for criminal possession of a weapon in the second degree. On this appeal, defendant's counsel argues that (1) in court identification testimony should not have been allowed, (2) there was insufficient evidence to convict defendant of murder in the second degree, or in the alternative, that this conviction is against the weight of the evidence, and (3) defendant's sentence was harsh and excessive. In a pro se supplemental brief, defendant argues that he received ineffective assistance of counsel. We are unpersuaded and affirm.

Initially, we discern no error in allowing the prosecution's

identification testimony at trial. Identification evidence regarding an accused is admissible at trial if the identification procedures, including the geographic and temporal proximity to the crime, are reasonable and not unduly suggestive (*see People v Starks*, 37 AD3d 863, 865 [2007]; *People v Jiminez*, 36 AD3d 962, 965 [2007], *lv denied* 8 NY3d 947 [2007]). Defendant's argument that the identification witnesses were unreliable—because each was either incarcerated, awaiting trial or had already been convicted and was seeking leniency and had motive and opportunity to collude concerning their testimony—while providing fertile ground for cross-examination did not impact the admissibility of their testimony (*see People v Russell*, 41 AD3d 1094, 1095 [2007]) nor the propriety of the identification procedures (*see People v Bailey*, 162 AD2d 885, 886-887 [1990], *lv denied* 77 NY2d 836 [1991]). In short, defendant's arguments do not challenge the admissibility of such evidence, only the weight that it should be given.

Next, defendant's assertion that his conviction for murder in the second degree is not supported by legally sufficient evidence or is against the weight of the evidence is based on the claimed lack of credibility of the witnesses against him. However, the fact that a witness may have charges pending against him or her at the time of testimony or has agreed to testify in the hope of receiving a favorable plea agreement does not render the testimony of that witness incredible as a matter of law (*see People v Russell*, 41 AD3d at 1095-1096; *People v Moore*, 17 AD3d 786, 789 [2005], *lv denied* 5 NY3d 792 [2005]). Viewing the evidence in the light most favorable to the People, we conclude that the evidence was legally sufficient to support defendant's conviction of intentional murder (*see People v McKnight*, 306 AD2d 546, 547 [2003], *lv denied* 100 NY2d 596 [2003]). The surviving victim testified that during the altercation between himself and defendant, defendant drew a gun and discharged it twice. Other witnesses testified that defendant admitted getting into the fight and discharging his weapon twice. Following the incident, defendant left the gun at the residence of another individual and fled to Florida. Defendant's admissions to third parties, together with the circumstantial evidence, are legally sufficient to support the jury's verdict.

Alternatively, defendant contends that the verdict is against the weight of the evidence. Although defendant testified in his own behalf that one of the victims actually produced the weapon and the weapon discharged during the altercation, a claim inferentially supported by other evidence, we are unpersuaded, after weighing the probative force of conflicting testimony and

the inferences to be drawn therefrom, and after viewing all of the evidence in a neutral light (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Colvin*, 37 AD3d 856, 857 [2007], *lv denied* 8 NY3d 944 [2007]), that the verdict is against the weight of the evidence.

Defendant's supplemental pro se brief argues that he was deprived of the effective assistance of counsel solely because trial counsel failed to object to County Court's submission to the jury of the twin counts of intentional murder and depraved indifference murder when the prosecution's theory was one of intentional murder. Relying upon the dissenting opinion in *People v Parker* (29 AD3d 1161, 1170 [2006] [Mercure, J.P., dissenting], *affd* 7 NY3d 907 [2006]), defendant posits that the failure of trial counsel to object to the submission of both murder counts to the jury is a single error of such significance as to constitute a deprivation of his constitutional right to the effective assistance of counsel. We disagree. Although both counts were submitted to the jury, defendant was convicted only of intentional murder and, thus, there is no view of the record which would support the conclusion that trial counsel's error had any impact on the outcome of the case (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Albanese*, 38 AD3d 1015, 1018 [2007], *lv denied* 8 NY3d 981 [2007]). Under these circumstances, we reject defendant's contention that he was deprived of the effective assistance of counsel.

Finally, defendant's sentence was neither harsh nor excessive. Since each sentence of imprisonment imposed on defendant falls within the permissible statutory range, modification of the sentence may occur only in the interest of justice if defendant establishes the existence of extraordinary circumstances or an abuse of discretion (*see People v Lerario*, 38 AD3d 998, 999 [2007], *lv denied* 9 NY3d 846 [2007]; *People v Cain*, 29 AD3d 1157, 1157-1158 [2006]). Here, defendant has failed to demonstrate the necessary extraordinary circumstances or abuse of discretion which would require the exercise of our interest of justice jurisdiction to reduce the sentence.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.