■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LERARIO, Appellant. [856 NYS2d 695]—Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 12, 2006, which resentenced defendant following his conviction of the crime of criminal possession of a controlled substance in the second degree.

In January 2002, defendant was charged in an 11-count indictment with various drug-related crimes and ultimately pleaded guilty to criminal possession of a controlled substance in the second degree, criminal possession of a weapon in the third degree and criminal sale of a controlled substance in the fifth degree in full satisfaction thereof (*People v Lerario*, 1 AD3d 635, 635-636 [2003], *lv denied* 2 NY3d 742 [2004]). Defendant thereafter was sentenced, as a second felony offender, to an aggregate term of 10 years to life in prison (*id.* at 636). County Court granted defendant's subsequent motion for resentencing with regard to his conviction of criminal possession of a controlled substance in the second degree pursuant to the provisions of the Drug Law Reform Act of 2005 (*see* L 2005, ch 643) and, following a hearing, resentenced defendant, by judgment rendered May 12, 2006 and amended judgment rendered June 21, 2006, to a prison term of eight years and five years of postrelease supervision.* This appeal by defendant ensued.

Preliminarily, we decline the People's invitation to dismiss the instant appeal because defendant appealed from only County Court's May 12, 2006 judgment. Rather, we will exercise our discretion, in the interest of justice, and treat the notice of appeal as valid (*see* CPL 460.10 [6]).

Turning to the merits, defendant's sole contention on appeal is that the resentence imposed is harsh and excessive. We cannot agree. The determinate term that defendant received upon resentencing was well within the permissible statutory range (*see* Penal Law § 70.71 [3] [b] [ii]; § 220.18) and, upon our review of the record as a whole, and taking into consideration the serious nature of the underlying crimes and defendant's criminal history, we perceive no abuse of discretion or extraordinary cir-

---

* The sentences previously imposed with regard to defendant's conviction for criminal possession of a weapon in the third degree (2 to 4 years concurrent) and criminal sale of a controlled substance in the fifth degree (2 to 4 years to be served consecutively to the sentence imposed for criminal possession of a controlled substance in the second degree) remained intact.

cumstances warranting a reduction thereof (*see People v Marrero*, 41 AD3d 1091 [2007]; *People v Thompson*, 33 AD3d 1131 [2006]).

Peters, J.P., Kane, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.

