■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY BROWN, Appellant. [890 NYS2d 164]—Kane, J.

Defendant pleaded guilty to the crime of criminal contempt in the first degree. Pursuant to the plea agreement, defendant was sentenced to five years of probation and 25 days of community service. Defendant now appeals.

We affirm. Defendant's contention that his plea was not voluntarily or knowingly entered is unpreserved for our review due to his failure to move to withdraw his plea or vacate his judgment of conviction (*see People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]; *People v Thompkins*, 58 AD3d 1068, 1068 [2009], *lv denied* 12 NY3d 822 [2009]). Further, the narrow exception to the preservation rule is inapplicable here as defendant did not make any statements during the allocution that negated an essential element of the crime or cast doubt upon his guilt (*see People v Grant*, 60 AD3d 1202, 1202-1203 [2009]). In any event, to the extent that defendant contends that he was not informed of the potential ramifications of pleading guilty to a felony, any failure to inform him that the plea may subject him to an enhanced sentence in the future does not impact the validity of the plea (*see People v Folk*, 43 AD3d 1229, 1230 [2007], *lv denied* 9 NY3d 1033 [2008]; *People v August*, 33 AD3d 1046, 1050 [2006], *lv denied* 8 NY3d 878 [2007]).

Defendant also contends that he received ineffective assistance of counsel based upon counsel's alleged failure to explore alternatives to the plea offer and for providing defendant with incorrect information regarding the maximum sentence defendant would be exposed to at trial. These claims are also not preserved for review, and, as they concern matters outside the record, are more properly the subject of a CPL article 440 motion (*see People v Anthony*, 52 AD3d 864, 866 [2008], *lv denied* 11 NY3d 733 [2008]; *People v McKeney*, 45 AD3d 974, 975 [2007]). Finally, with regard to defendant's claim that his sentence was harsh and excessive, we do not find that County Court abused its discretion or that extraordinary circumstances exist that warrant a reduction of the sentence in the interest of justice (*see People v Perkins*, 62 AD3d 1160, 1162 [2009], *lv denied* 13 NY3d 748 [2009]; *People v Qasem*, 39 AD3d 960, 961 [2007], *lv denied* 10 NY3d 770 [2008]).

Peters, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.