■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NASIR A. SADIQ, Appellant. [908 NYS2d 750]—

Malone Jr., J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered April 3, 2009, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced as a second felony offender to $3^1/2$ years in prison followed by three years of postrelease supervision. Defendant appeals.

We affirm. Notwithstanding defendant's assertion otherwise, his factual recitation during the plea allocution did not cast doubt on his guilt, negate an essential element of the crime or call into question the voluntariness of his plea. On the contrary, although the police discovered crack cocaine in the backyard of defendant's neighbor, defendant informed County Court that they were his drugs, he had hidden the drugs there and he intended to sell them. He likewise acknowledged his understanding of the ramifications of pleading guilty, stated that he had all the time he needed to discuss the matter with his attorney and that he was entering the guilty plea freely and voluntarily. Accordingly, we find that defendant entered a knowing, voluntary and intelligent plea (see People v First, 62 AD3d 1043, 1044 [2009], lv denied 12 NY3d 915 [2009]; People v Morrishaw, 56 AD3d 895, 896 [2008], lv denied 12 NY3d 761 [2009]) and that his description of the underlying facts was sufficient to establish the elements of the crime to which he pleaded guilty (see Penal Law § 220.16 [1]).

Defendant next contends that he was denied the effective assistance of counsel because his attorney failed to make certain pretrial motions. However, "[t]he fact that defense counsel did not request a particular pretrial hearing does not necessarily constitute ineffective assistance of counsel" (People v Jackson, 67 AD3d 1067, 1068 [2009], lv denied 14 NY3d 801 [2010]). Moreover, counsel negotiated a favorable plea and nothing in the record casts doubt on his effectiveness (see People v Singletary, 51 AD3d 1334, 1335 [2008], lv denied 11 NY3d 741 [2008]; People v Lee, 51 AD3d 1217, 1217-1218 [2008]).

Defendant's remaining argument, to the extent that it is properly before us, is unpersuasive.

Mercure, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.