◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REUBEN LEWIS, Appellant. [918 NYS2d 597]—

Malone Jr., J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered June 17, 2008, convicting

defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant, a prison inmate, was charged in an indictment with attempted aggravated assault on a peace officer and assault on a peace officer. He pleaded guilty to assault in the second degree in satisfaction of the indictment, waived his right to appeal and was sentenced as a second felony offender to five years in prison followed by five years of postrelease supervision. Defendant appeals.

We affirm. Defendant's sole assertion—that he was denied the effective assistance of counsel—is foreclosed by his appeal waiver except to the extent that it impacts upon the voluntariness of his plea (*see People v Perry*, 50 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 963 [2008]; *People v Bolden*, 14 AD3d 934, 935 [2005], *lv denied* 4 NY3d 796 [2005]). In that regard, the record reveals that defendant was initially hesitant to enter the plea; defendant claimed that his attorney's failure to make certain pretrial motions[1] rendered him unable to make an informed decision and he specifically complained that he had seen no evidence of any injury to the victim (*see* Penal Law § 120.05 [1]). However, the People subsequently provided defendant and defense counsel with a copy of the victim's medical records and County Court adjourned the proceedings to allow for their review. When the parties reconvened, defendant and his attorney indicated that they had discussed the records,[2] and defendant entered the plea. In doing so, defendant acknowledged that he was entering the plea voluntarily, that he understood the rights he was relinquishing and that he had assaulted the victim. In light of the foregoing, as well as the fact that counsel did make appropriate discovery demands and negotiated a favorable plea, we are satisfied that defendant was afforded meaningful representation (*see People v Chaney*, 70 AD3d 1251, 1252-1253 [2010], *lv denied* 15 NY3d 748 [2010]; *People v Stokely*, 49 AD3d 966, 968 [2008]; *see generally People v Sadiq*, 77 AD3d 985 [2010]; *People v Brown*, 68 AD3d 1150 [2009]).

Cardona, P.J., Mercure, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

1. Defendant successfully sought removal of his initial assigned counsel due to an apparent disagreement over pretrial motions.

2. Defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10—premised on allegedly erroneous advice provided by counsel— was denied by County Court. Defendant's request for permission to appeal that decision to this Court was likewise denied.