■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN STALLWORTH, Appellant. [920 NYS2d 753]—

Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered March 2, 2010, which resentenced defendant following his conviction of the crime of criminal possession of a controlled substance in the third degree.

In 2004, defendant was convicted of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree. He was sentenced as a second felony offender to 5 to 10 years in prison on the drug charge and 2 to 4 years in prison on the weapon charge, to run consecutively. Following enactment of the Drug Law Reform Act of 2009 (*see* L 2009, ch 56), defendant applied for resentencing pursuant to CPL 440.46. County Court offered to resentence defendant to 11 years in prison on the drug charge, to be followed by three years of postrelease supervision, which sentence was to run concurrently with the 2-to-4-year sentence previously imposed on the weapon charge. Defendant accepted the offer and was resentenced accordingly. He now appeals.

Contrary to defendant's claim, we do not find that the resentence is harsh and excessive. Defendant was convicted of a class B felony and has a prior nonviolent felony conviction (see Penal Law § 70.45 [2] [d]; § 70.70 [3] [b] [i]). His original sentence—including the weapon charge, which is not subject to the resentencing provisions of CPL 440.46—resulted in an aggregate prison term of 7 to 14 years. While the resentencing resulted in a term of imprisonment on the drug charge that exceeded the original sentence on that charge alone, defendant is now effectively subject to an aggregate 11-year determinate sentence, which is less than the higher range of the aggregate indeterminate sentence originally imposed. As defendant concedes, the resentence is within the range of statutorily authorized sentences, as required by CPL 440.46. There is no requirement that the resentence be less than the lower range of the original sentence. Furthermore, County Court properly took into consideration defendant's prison disciplinary record and programming accomplishments in reviewing his application. In view of this, as well as the seriousness of defendant's crime and his lengthy criminal record, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the resentence in the interest of justice (see People v Fuller, 83 AD3d 1294 [2011] [decided herewith]; People v Lerario, 50 AD3d 1396, 1396-1397 [2008], lv denied 10 NY3d 961 [2008]).

Mercure, J.P., Peters, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.