■ The People of the State of New York, Respondent, v Larry A. Fuller, Appellant. [920 NYS2d 754]—

Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered December 22, 2009, which resentenced defendant following his conviction of the crime of criminal sale of a controlled substance in the third degree.

In 2004, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and was sentenced to 7 to 14 years in prison. Thereafter, following passage of the Drug Law Reform Act of 2009 (*see* L 2009, ch 56), defendant applied to County Court for resentencing pursuant to CPL 440.46. The court, in turn, offered to resentence defendant to 10 years in prison and three years of postrelease supervision, which he accepted. He was resentenced accordingly. Defendant now appeals.

Defendant's sole argument is that the resentence is harsh

and excessive. Based upon our review of the record, we disagree. The offense is a class B felony, and defendant is a second felony drug offender with a prior nonviolent felony conviction (*see* Penal Law § 70.45 [2] [d]; § 70.70 [3] [b] [i]). Moreover, defendant has an unimpressive prison disciplinary record and, although he completed certain programs, he was removed from others for disciplinary reasons. County Court properly considered this information in connection with the resentencing application (*see* CPL 440.46 [3]). In view of the foregoing, as well as the serious nature of defendant's underlying crime and his extensive criminal record starting from a very young age, we find no abuse of discretion or any extraordinary circumstances warranting a reduction of the resentence in the interest of justice (*see People v Lerario*, 50 AD3d 1396, 1396-1397 [2008], *lv denied* 10 NY3d 961 [2008]).

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.