■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARTER, Appellant. [947 NYS2d 346]—

In 2004, defendant was convicted after a trial of criminal sale of a controlled substance in the third degree and was sentenced to a prison term of 8⅓ to 25 years. His conviction was affirmed on appeal (31 AD3d 1056 [2006], *lv denied* 7 NY3d 901 [2006]). In 2010, defendant applied for resentencing pursuant to CPL 440.46. In the course of an appearance before Supreme Court, defendant agreed that the 2004 sentence for this crime would be vacated and the court would resentence him to 7½ years in prison to be followed by two years of postrelease supervision. Defendant now appeals, arguing solely that his resentence is harsh and excessive. We are unpersuaded. Given, among other things, defendant's lengthy criminal record, we find no basis to conclude that the court abused its discretion, "nor do we find any extraordinary circumstances warranting a reduction [in the interest of justice]" (*People v Reid*, 85 AD3d 1394, 1395 [2011]; *see People v Stallworth*, 83 AD3d 1293, 1294 [2011]).

Mercure, J.P., Rose, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.