Rose, J.
Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 7, 2010, which resentenced defendant following his conviction of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.
In 2004, defendant was convicted after a trial of, among other things, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and was sentenced, as a second felony offender, to an aggregate prison term of \2xh to 25 years. His conviction was thereafter affirmed on appeal (21 AD3d 585 [2005], Iv denied 5 NY3d 853 [2005]). Subsequently, defendant applied for resentencing pursuant to CPL 440.46 and, ultimately, in the course of an appearance before County Court, defendant agreed that the original sentence for these crimes would be vacated and the court would resentence him to 9V2 years in prison to be followed by three years of postrelease supervision. Defendant now appeals, principally arguing that his resentence is harsh and excessive. We disagree. “Given, among other things, defendant’s lengthy criminal record, we find no basis to conclude that *1022 the court abused its discretion, nor do we find any extraordinary circumstances warranting a reduction in the interest of justice” (People v Carter, 97 AD3d 852, 852 [2012], lv denied 19 NY3d 1024 [2012] [internal quotation marks, brackets and citation omitted]; see People v Reid, 85 AD3d 1394, 1395 [2011]).
Finally, inasmuch as the contentions in defendant’s pro se brief raise matters outside the subject record, they are not properly addressed herein.
Peters, EJ., Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.