People v Delayo (2018 NY Slip Op 00577)





People v Delayo


2018 NY Slip Op 00577


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

106237

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SHAWN DELAYO, Appellant.

Calendar Date: December 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered June 24, 2013, which resentenced defendant following his conviction of the crime of criminal sale of a controlled substance in the third degree.
As is relevant here, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and was sentenced to a prison term of 8 to 24 years followed by a period of postrelease supervision. After successfully moving pursuant to CPL 440.46 for resentencing, defendant was resentenced to the maximum statutory prison term of nine years, followed by two years of postrelease supervision. Defendant appeals.
We disagree with defendant's contention that his resentence should be reduced in the interest of justice. We may reduce a defendant's sentence in the interest of justice where there are
extraordinary circumstances or an abuse of discretion by the sentencing court (see People v Cooley, 149 AD3d 1268, 1271 [2017], lv denied 30 NY3d 979 [2017]; People v Nelson, 128 AD3d 1225, 1228 [2015], lv denied 26 NY3d 1041 [2015]). However, this Court has previously acknowledged that "[t]here is no requirement that [a] resentence be less than the lower range of the original sentence" (People v Stallworth, 83 AD3d 1293, 1294 [2011]). Although defendant's original sentence permitted him an earlier opportunity to seek parole, defendant's new sentence is less than the higher range of the indeterminate sentence originally imposed. Defendant also concedes that the resentence imposed was permitted by statute. Furthermore, while defendant submitted proof that he received his GED while incarcerated, that he has been rated as excellent in regard to a number of vocational activities that he is involved in and that he has had various [*2]successes as a member of the Inmate Liaison Committee, his institutional records also establish that he has numerous prison disciplinary violations, which include making threats, engaging in violent conduct and engaging in bribery or extortion. In light of the foregoing and considering the record as a whole, we do not find that County Court abused its discretion or that extraordinary circumstances exist that would warrant reducing defendant's resentence in the interest of justice (see People v Carter, 97 AD3d 852, 852 [2012], lv denied 19 NY3d 1024 [2012]; People v Stallworth, 83 AD3d at 1294).
McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.